*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* M. M. GEE, Minor.

UNPUBLISHED
May 20, 2026
10:25 AM

No. 377142
Wayne Circuit Court
Family Division
LC No. 2013-514599-NA

Before: TREBILCOCK, P.J., and CAMERON and LIEVENSE, JJ.

PER CURIAM.

Respondent appeals by right the trial court's order assuming jurisdiction over his child, MMG, under MCL 712A.2(b)(1) and (2). We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arose as a result of ongoing domestic violence between respondent and MMG's mother.[1] Between February 2023 and April 2023, Children's Protective Services (CPS) received three reports of domestic violence between respondent and mother, during which verbal and physical altercations took place in MMG's presence. As a result, MMG was placed in a safety plan with her maternal grandmother. In May 2023, petitioner, the Michigan Department of Health and Human Services (DHHS), filed an emergency petition to remove MMG from her parents' care after they took MMG from her grandmother's house and refused to disclose their whereabouts. The trial court authorized the emergency petition and placed MMG in the care of DHHS. DHHS later filed an amended petition, that the trial court also authorized, requesting temporary custody of MMG with respect to respondent, and termination of mother's parental rights.

During the proceedings, respondent, mother, and their caseworker testified regarding the alleged domestic violence. Although respondent denied that the altercations were physical, he and

---

[1] MMG's mother was named as a respondent in the lower court proceedings but is not a party to this appeal. Therefore, for simplicity, we refer to her only as "mother."

mother both admitted that there had been physical violence between them, respondent had pending domestic violence charges against him, and mother had an active personal protection order (PPO) against respondent. Accordingly, DHHS requested that the trial court take jurisdiction over MMG. Respondent argued there was insufficient evidence to take jurisdiction over MMG because he provided adequate care, had suitable housing and income, and cooperated with caseworkers. Moreover, he claimed there was no evidence proving that he was convicted of domestic violence. The trial court found grounds to exercise jurisdiction over MMG as noted above. Respondent now appeals.

## II. STANDARDS OF REVIEW

"Challenges to the court's decision to exercise jurisdiction are reviewed for clear error in light of the court's finding of fact." *In re Boshell/Shelton*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 371973); slip op at 3 (quotation marks and citation omitted). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *Id*. (quotation marks and citation omitted).

## III. ANALYSIS

Respondent argues that there was insufficient evidence for the trial court to assume jurisdiction over MMG. We disagree.

To properly exercise jurisdiction over children involved in child protective proceedings, the trial court must find, by a preponderance of the evidence, that at least one statutory basis for jurisdiction under MCL 712A.2(b) exists. *In re Miller*, 347 Mich App 420, 424; 15 NW3d 287 (2023). "A preponderance of the evidence is evidence that, when weighed with that evidence opposed to it, has more convincing force and the greater probability of truth." *Boshell/Shelton*, ___ Mich App at ___; slip op at 3 (quotations marks, brackets, and citation omitted). "To determine whether jurisdiction exists, the trial court must examine the child's situation at the time the petition was filed because MCL 712A.2(b) speaks in the present tense." *In re Leach*, 347 Mich App 26, 32; 14 NW3d 178 (2023) (quotation marks, brackets, and citation omitted).

MCL 712A.2(b)(1) provides, in relevant part:

The court has the following authority and jurisdiction:

* * *

(b) Jurisdiction in proceedings concerning a juvenile under 18 years of age found within the county:

(1) Whose parent or other person legally responsible for the care and maintenance of the juvenile, when able to do so, neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals, who is subject to a substantial risk of harm to his or her mental well-being, who is abandoned by his or her parents, guardian, or other custodian, or who is without proper custody or guardianship.

Consistent with the statute, the trial court found that MMG was without proper care and custody while in respondent's and mother's care.

On appeal, respondent argues that there was insufficient evidence to establish jurisdiction over MMG because the PPO was not admitted into evidence and there was no evidence that he was convicted of domestic violence or that physical violence occurred between him and mother. The record belies respondent's claims. During his testimony, respondent admitted that he was being criminally charged with domestic violence as a result of incidents involving mother and acknowledged that there was an active PPO in place with respect to mother. The caseworker similarly testified that there was a pending criminal case involving respondent and mother, and mother testified that she obtained a PPO against respondent in May 2024. With respect to the alleged physical violence, mother claimed that in September 2023, respondent strangled her in a Kroger gas station parking lot and assaulted her while holding a knife in May 2024. Further, while respondent denied that any altercations between him and mother were physical, he also admitted that mother attempted to hit him on more than one occasion, scratched him with her keys, ripped his clothing, and spit on him while MMG was in the room. Because there was sufficient evidence to support the trial court's assumption of jurisdiction over MMG, there is no clear error warranting reversal.[2]

Affirmed.

/s/ Christopher M. Trebilcock
/s/ Thomas C. Cameron
/s/ Andrew J. Lievense

---

[2] Because the trial court need only find that one statutory basis for jurisdiction exists under MCL 712A.2(b) exists, *Miller*, 347 Mich App at 424, we need not address whether the trial court properly exercised jurisdiction under MCL 712A.2(b)(2).